IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRA NOVO, INC., <br><br>          Plaintiff, <br><br>     v. <br><br> GOLDEN GATE PRODUCTS, INC., <br><br>          Defendant. <br> _____/ | No. C-03-2684 MMC <br><br> **ORDER GRANTING LUCE, FORWARD, HAMILTON & SCRIPPS LLP'S MOTION TO WITHDRAW; VACATING AUGUST 5, 2011 HEARING; DIRECTIONS TO CLERK; NOTICE TO DEFENDANT; CONTINUING CASE MANAGEMENT CONFERENCE** |

Before the Court is Luce, Forward, Hamilton & Scripps LLP's ("Luce Forward") "Motion to Withdraw As Counsel for Former Entity Known as Golden Gate Products, Inc.," filed June 29, 2011. Plaintiff has filed a statement of non-opposition. Defendant Golden Gate Products, Inc. ("Golden Gate") has not filed a response to the motion. Having read and considered the motion, the Court deems the matter suitable for determination on the moving papers, VACATES the hearing scheduled for August 5, 2011, and rules as follow.

Luce Forward seeks to withdraw as counsel for Golden Gate for the reason that Golden Gate "no longer exists by virtue of the bankruptcy"[1] and because Golden Gate is not able to pay "the fees and costs associated with this case." (See Mot. at 3:1-5.)

---

[1] On January 3, 2003, Golden Gate filed for bankruptcy protection under Chapter 7 of the Bankruptcy Code, and, on April 11, 2011, the bankruptcy court issued a Final Decree following the bankruptcy trustee's completion of the administration of the estate. (See Donabedian Decl. Ex. A.)

1  Although Luce Forward's argument that Golden Gate no longer exists is incorrect, see
2  Contreras v. Corinthian Vigor Ins. Brokerage, Inc., 103 F. Supp. 2d 1180, 1183-84 (N.D.
3  Cal. 2000), Luce Forward has submitted evidence showing Golden Gate has no assets
4  (see Donabedian Decl. Ex. F) and, consequently, is not likely to be in a position to pay to
5  Luce Forward the attorney's fees and costs incurred in the defense of the instant action.
6  Accordingly, the motion to withdraw is hereby GRANTED.

7  The Clerk is hereby DIRECTED to update the docket to reflect the following address
8  for Golden Gate:

9  Golden Gate Products, Inc.
   P.O. Box 106
10  Davis CA  95617.

11  Golden Gate is hereby ADVISED that it may not appear in the instant action without
12  counsel, see Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S.
13  194, 202 (1993) (noting "a corporation may appear in the federal courts only through
14  licensed counsel"), and that where a corporate defendant does not appear through counsel,
15  the plaintiff may seek entry of a default judgment.  See, e.g., United States v. High Country
16  Broadcasting Company, Inc., 3 F.3d 1244, 1245 (9th Cir. 1993) (affirming entry of default
17  judgment against corporation where corporation failed to retain counsel).

18  In order to afford Golden Gate an opportunity to obtain new counsel, the Court
19  hereby CONTINUES the Case Management Conference from August 26, 2011 to
20  September 23, 2011, at 10:30 a.m.  A Joint Case Management Conference shall be filed no
21  later than September 16, 2011; if, however, Golden Gate has not appeared through
22  counsel by that date, plaintiff may file a separate statement.

23  **IT IS SO ORDERED.**

25  Dated: July 27, 2011

*/s/ Maxine M. Chesney*
MAXINE M. CHESNEY
United States District Judge

2